IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-223-H

HERBERT BRYANT,
    Plaintiff,

v.

VILLAGE OF BALD HEAD ISLAND,
NORTH CAROLINA, and CALVIN R.
PECK, JR., in his official
capacity as Village Manager
for the Village of Bald Head
Island,
    Defendants.

**ORDER**

This matter is before the court on defendants' motion to dismiss. [D.E. #13]. Plaintiff has responded, [D.E. #17], and this matter is ripe for adjudication.

### BACKGROUND

Plaintiff filed a complaint on October 7, 2014, alleging seven claims for relief arising from his termination as a police officer employed by the Village of Bald Head Island ("Village"). Plaintiff alleges that on August 28, 2014, he was summoned to the office of defendant Peck, the Village Manager, where he was handed a termination letter.

The termination letter alleged plaintiff had violated policies regarding "sexual harassment," "discourteous treatment of other employees," and "inappropriate electronic

communications." Defendants denied plaintiff's request to see the alleged communications and did not provide further explanation for his termination. Plaintiff then complied with defendants' requests for him to turn over all property belonging to the Village and leave. Plaintiff alleges he was terminated under color of an ordinance, policy, or custom of the Village and that defendant Peck acted as an official of the Village in his role as Village Manager.

On August 28, 2014, defendants provided the termination letter to local news media. At least two newspapers and two television stations used the termination letter in stories about plaintiff's termination. The following day, plaintiff attempted to file an appeal in writing pursuant to grievance procedures contained in the Village's personnel policy. Defendant Peck replied in writing on September 3, 2014, stating plaintiff was owed no grievance or appeal process. Plaintiff did not receive any hearing at which he was permitted to contest the allegations of misconduct. In his complaint, plaintiff alleges the charges of "detrimental personal conduct," "sexual harassment," and "inappropriate electronic communications" are false.

On December 12, 2014, defendants filed the instant motion to dismiss all claims against defendant Peck in his official capacity and three additional specific claims against both defendants: (1) plaintiff's procedural due process claim; (2)

2

plaintiff's intentional infliction of emotion distress claim; and (3) plaintiff's right to privacy claims.

## COURT'S DISCUSSION

### I. Standard of Review

A federal district court confronted with a motion to dismiss for failure to state a claim should view the allegations of the complaint in the light most favorable to the plaintiff. See Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). The intent of Rule 12(b)(6) is to test the sufficiency of a complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). A Rule 12(b)(6) motion "'does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" Id. (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1969 (2007).

"[A] complaint need not make a case against a defendant or 'forecast evidence sufficient to prove an element' of the claim." Chao v. Rivendell Woods, Inc., 415 F.3d 342, 349 (4th Cir. 2005) (quoting Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). Rule 8 of the Federal Rules of Civil Procedure provides "for simplicity in pleading that intends to give little more than notice to the defendant of the plaintiff's claims and

3

that defers until after discovery any challenge to those claims insofar as they rely on facts." Teachers Retirement Sys. of LA v. Hunter, 477 F.3d 162, 170 (4th Cir. 2007). A complaint is generally sufficient if its "'allegations are detailed and informative enough to enable the defendant to respond.'" Id. (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, 1215 at 193 (3d ed. 2004)). Thus, a complaint satisfies the Rules if it gives "fair notice" of the claim and "the grounds upon which it rests." Twombly, 127 S. Ct. at 1964.

A court may consider certain matters outside the pleadings, including matters of which a court may take judicial notice, on a Rule 12(b)(6) motion without converting it into one for summary judgment. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007) (citing 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 1357 (3d ed. 2004 & Supp. 2007)). A court may take judicial notice of matters in the public record. See Hall v. Virginia, 385 F.3d 421, 424 n.3 (4th Cir. 2004) (citing Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986)).

## II. Plaintiff's Official Capacity Claims

A claim against a government official in his official capacity is treated as an action against the government entity. Hafer v. Melo, 502 U.S. 21, 25 (1991). Consequently, the court

4

may dismiss official capacity claims against a local government official as duplicative because the local government entity is the real party of interest with respect to these claims. See Kentucky v. Graham, 473 U.S. 159, 167 n.14 (1985); see also Love-Lane v. Martin, 355 F.3d 766, 783 (4th Cir. 2004). The court, in its discretion, GRANTS defendants' motion to dismiss plaintiff's official capacity claims against defendant Peck as duplicative because the Village is the real party of interest in the instant matter. Therefore, defendant Peck is dismissed as a party to this action.

**III. Plaintiff's Procedural Due Process Claim**

"[A] Fourteenth Amendment 'liberty interest is implicated by public announcement of reasons for an employee's discharge.'" Sciolino v. City of Newport News, Va., 480 F.3d 642, 645-46 (4th Cir. 2007) (quoting Johnson v. Morris, 903 F.2d 996, 999 (4th Cir. 1990)). A 42 U.S.C. § 1983 claim arising from such a public announcement concerns the Fourteenth Amendment: (1) liberty to engage in any of the common occupations of life and (2) right to due process where a person's good name, reputation, honor, or integrity is at stake because of government action. Sciolino, 480 F.3d at 646 (internal citations omitted).

To state a claim under the Due Process Clause for violation of this liberty interest, a plaintiff must allege the charges against him: (1) placed a stigma on his reputation; (2) were

5

made public by the employer; (3) were made in conjunction with his termination or demotion; and (4) were false. Id. "[T]he constitutional harm, however, 'is not the defamation' itself; rather it is the 'denial of a hearing at which the dismissed employee has an opportunity to refute the public charge.'" Id. at 649 (quoting Cox v. N. Va. Transp. Comm'n, 551 F.2d 555, 558 (4th Cir. 1976).

In the instant case, defendants move to dismiss plaintiff's procedural due process claim on the grounds that his employment relationship was "at-will."[1] Even if plaintiff's employment relationship were "at-will," however, plaintiff has alleged a sufficient claim for violation of his constitutional right to procedural due process. Plaintiff's claim is not premised upon an alleged property interest in his continued employment; rather plaintiff alleges deprivation of a "meaningful opportunity to respond and to be heard" that would allow him to refute the charges contained in his termination letter that was made public by defendants. Plaintiff has alleged sufficient facts to show he has suffered a stigma on his reputation caused by the Village's publication of false charges contained in his termination letter

---

[1] Defendants' contention that plaintiff's employment was "at-will" is premised upon a provision contained in the Village's personnel policy. Although the court may take judicial notice of a local government's personnel policy without converting defendants' motion into a summary judgment motion, see Roberson v. City of Goldsboro, 564 F.Supp.2d 526, 527 n.1 (E.D.N.C. 2008), the court does not rely upon any provision contained in the Village's personnel policy or any other matter outside the record in issuing this order.

6

without first having a meaningful opportunity to refute the charges. Therefore, defendants' motion to dismiss plaintiff's procedural due process claim is DENIED.

### IV. Plaintiff's Intentional Infliction of Emotional Distress Claim

To state a claim for intentional infliction of emotional distress ("IIED") under North Carolina law, a plaintiff must allege facts showing the defendant engaged in "(1) extreme and outrageous conduct, (2) which [was] intended to cause and [did] cause (3) severe emotional distress in another." Dickens v. Puryear, 301 N.C. 437, 452 (1981).

Publication of false information which creates a high likelihood of causing plaintiff's "severe emotional distress, mental anguish, humiliation[,] and ridicule" may constitute extreme and outrageous conduct when its source would be considered "highly credible" in the eyes of the citizenry. Chapman By & Through Chapman v. Byrd, 475 S.E.2d 734, 739 (N.C. Ct. App. 1996). Plaintiff may satisfactorily allege the second element by showing defendant acted with "reckless indifference to the likelihood that his or her acts will cause severe emotional distress." Id. (quoting Dickens, 301 N.C. at 452) (internal citation marks omitted).

In the instant case, plaintiff has alleged the Village, a government entity likely to be considered highly credible,

7

publicized his termination letter to local media without first giving him an opportunity to refute the false charges contained therein. Such publication allegedly impeached plaintiff in his trade and profession and exposed him to public hatred, contempt, and disgrace causing him humiliation, embarrassment, and tangible loss of other employment opportunities.

The Village's publication of false information without first giving plaintiff a meaningful opportunity to refute the charges created a high likelihood of causing plaintiff's severe emotional distress, mental anguish, humiliation, and ridicule. Furthermore, the Village's refusal to give plaintiff a meaningful opportunity to respond to the charges contained in his termination letter in violation of his constitutional rights before its publication could also show sufficient alleged reckless indifference to satisfy the second element. Lastly, plaintiff has sufficiently alleged he suffered severe emotional distress resulting from the humiliation, embarrassment, and loss of reputation and professional standing caused by the Village's alleged conduct.

Although, in its memorandum, the Village correctly notes hesitation by North Carolina courts in finding extreme and outrageous conduct absent factors such as severe sexual harassment or physical threats for a claim arising from a wrongful termination, plaintiff's IIED claim arises primarily

from the premature publication of false charges in his termination letter rather than an unjustified termination of his employment. Discovery and future proceedings will determine whether the facts bear out this allegation. The court, however, is satisfied that plaintiff has shown sufficient facts to avoid dismissal of his IIED claim at this stage of the proceedings. Defendants' motion to dismiss plaintiff's IIED claim is, therefore, DENIED.

V. **Plaintiff's Right to Privacy Claims**

A constitutional right to privacy protects two types of interests: (1) a person's "interest in avoiding disclosure of personal matters;" and (2) a person's "interest in independence in making certain kinds of important decisions." Walls v. City of Petersburg, 895 F.2d 188, 192 (4th Cir. 1990) (quoting Whalen v. Roe, 429 US. 589, 599-600 (1977)). The first interest, often characterized as the right to confidentiality, is the issue presented in the instant case.

A person's right to confidentiality "extends only to highly personal matters representing 'the most intimate aspects of human affairs.'" Eagle v. Morgan, 88 F.3d 620, 625 (8th Cir. 1996) (quoting Wade v. Goodwin, 843 F.2d 1150, 1153 (8th Cir. 1988)). "The more intimate or personal the information, the more justified is the expectation that it will not be subject to public scrutiny." Walls, 895 F.2d at 192 (citing Fraternal Order

9

of Police, Lodge 5 v. Philadelphia, 812 F.2d 105, 112-13 (3d. Cir. 1987)).

The public disclosure of information must be either (1) a "shocking degradation or an egregious humiliation" of the person to further a specific state interest or (2) "a flagrant breach of a pledge of confidentiality which was instrumental in obtaining the personal information" to constitute a violation of a person's right to privacy. Eagle, 88 F.3d at 625 (citing Alexander v. Peffer, 993 F.2d 1348, 1350 (8th Cir. 1993)). Despite the unsettled contours of a person's right to confidentiality, courts generally examine the nature of the information disclosed and "whether the person had a legitimate expectation that the information would remain confidential" while in the government's possession. Eagle, 88 F.3d at 625; see Sheets v. Salt Lake Cty., 45 F.3d 1383, 1387-88 (10th Cir. 1995); see also Nixon v. Adm'r of Gen. Servs., 433 U.S. 425, 457-58 (1977).

Here, plaintiff has alleged sufficient facts to state a claim for a violation of his federal constitutional right to privacy. Plaintiff, relying upon his constitutional rights and North Carolina confidentiality laws, had a legitimate expectation that information regarding his termination would be kept confidential until after having an opportunity to meaningfully respond to the charges against him and issuance of

10

a final determination by the Village. See N.C. Gen. Stat. § 160A-168(b)(11) (The government may release information regarding its dismissal of a public employee by disclosing "a copy of the written notice of the final decision"). If the court construed the termination letter in the instant case to be a "final decision" as contemplated in N.C. Gen. Stat. § 160A-168(b)(11), the statute would impinge plaintiff's constitutional right to procedural due process as set forth in Section III supra. Because a statute cannot be construed to violate the Constitution, see Thompson v. Consol. Gas Utils. Corp., 300 U.S. 55, 76 (1937), the court, at this stage in the proceedings, finds plaintiff has stated a claim for violation of his constitutional right to privacy.

North Carolina courts have held that "the level of substantive due process protection provided by the North Carolina Constitution is at least as broad as that of the United States Constitution." Toomer v. Garrett, 574 S.E.2d 76, 85 (N.C. Ct. App. 2002). Finding plaintiff has alleged sufficient facts to state a claim for a violation of his federal constitutional rights, the court finds plaintiff has also stated a claim for a violation of his rights under Article I, Section 19 of the North Carolina Constitution.

Discovery and future proceedings will determine whether the facts bear out these allegations. The court, however, is

satisfied that plaintiff has shown sufficient facts to avoid dismissal of his constitutional right to privacy claims. Defendants' motion to dismiss plaintiff's constitutional right to privacy claims is, therefore, DENIED.

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss, [D.E. #13], is GRANTED IN PART and DENIED IN PART. Defendants' motion to dismiss plaintiff's claims against defendant Peck in his official capacity as Village Manager is hereby GRANTED. Plaintiff's claims against defendant Peck are hereby DISMISSED, and the clerk is directed to terminate defendant Peck from this action. Defendants' motion to dismiss plaintiff's remaining claims is hereby DENIED.

This 12TH day of August 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34